IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 
CLINTON LEE POORES, #318593, ) 
 ) 
 Plaintiff, ) 
 ) 
 ) 
 v. ) CASE NO. 2:20-CV-714-WKW 
 ) [WO] 
STEVEN T. MARSHALL, Alabama ) 
Attorney General; YVONNE ) 
SAXON, Alabama Assistant ) 
Attorney General; and EMILY ) 
STEELE, Plaintiff’s former ) 
appointed appeal counsel, ) 
 ) 
 Defendants. ) 

 ORDER 
 This 42 U.S.C. § 1983 action is before the court on a complaint filed by 
Plaintiff Clinton Lee Poores, a state inmate who is serving time on his convictions 
for attempted murder and for the possession, transfer, or manufacture of a destructive 
device. On September 11, 2020, the Magistrate Judge filed a Recommendation 
(Doc. # 4) to which Plaintiff filed objections (Doc. # 5). Based upon a de novo 
review of those portions of the Recommendation to which objection is made, 28 
U.S.C. § 636(b), the objections are due to be overruled, and the Recommendation is 
due to be adopted. 
 All of Plaintiff’s objections, which have been carefully considered, lack merit. 
To illustrate, Plaintiff continues to challenge the manner in which the state attorney 

general’s office handled his appeal, as well as the alleged ineffectiveness of his 
appellate counsel during the appeal. (Doc. # 5, at 2–5.) Plaintiff argues that the 
evidence presented by the State’s expert at trial concerning the destructive device 

was fabricated and did not satisfy the statutory definition of a destructive device. 
Hence, he contends, among other things, that the state Attorney General erred in 
relying on the evidence presented at trial to argue on appeal that Plaintiff’s 
convictions should be upheld. (Doc. # 5, at 4–5.) Plaintiff also continues to make 

numerous claims against his appellate counsel regarding her alleged ineffectiveness 
in handling his appeal. For the reasons adequately set out in the Recommendation, 
which will not be repeated here (see Doc. # 4, at 2–8), Plaintiff’s claims are not 

cognizable in a § 1983 action, and these objections are due to be overruled. 
 Plaintiff also argues that Heck v. Humphrey, 512 U.S. 477 (1994), does not 
bar his challenge to his conviction for the possession, transfer, or manufacture of a 
destructive device. He contends that a ruling in his favor would not shorten his 

sentence because the attempted murder conviction is the “control[l]ing sentence.” 
(Doc. # 5, at 5.) This objection also lacks merit. The Supreme Court’s decision in 
Heck and its progeny prohibit the use of a § 1983 action to challenge the 

constitutionality of a conviction on which the inmate is currently incarcerated where 
a ruling in the inmate’s favor would necessarily imply the invalidity of the 
conviction or sentence. (See Doc. # 4 at 5–8.) As correctly explained in the 

Recommendation: 
 “[H]abeas corpus is the exclusive remedy for a state prisoner who” 
 raises claims which undermine the validity of a current conviction, 
 “even though such [] claim[s] may come within the literal terms of 
 § 1983.” Heck, 512 U.S. at 481; Balisok, 520 U.S. at 645 
 (acknowledging that the “sole remedy in federal court” for a prisoner 
 who presents challenges which necessarily go to the constitutionality 
 of a state court conviction is a petition for writ of habeas corpus); 
 Okoro, 324 F.3d at 490 (noting Heck holds that a state inmate “making 
 a collateral attack on his conviction . . . may not do that in a civil suit, 
 other than a suit under the habeas corpus statute.”). 

(Doc. # 4 at 7.) 
 Based on the foregoing, it is ORDERED as follows: 
 (1) Plaintiff’s objections (Doc. # 5) are OVERRULED; 
 (2) The Recommendation (Doc. # 4) is ADOPTED; 
 (3) Plaintiff’s claims against Steven T. Marshall, Yvonne Saxon, and 
Emily Steele seeking relief for the representation provided during the criminal 
proceedings before the Alabama Court of Criminal Appeals are DISMISSED with 
prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii); 
 (4) Plaintiff’s claims challenging the fundamental legality of his 
convictions for which he is currently incarcerated are DISMISSED without 
prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as these claims provide no basis 
for relief at this time; and 
 (5) This action is DISMISSED prior to service of process pursuant to 28 
U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). 

 Final judgment will be entered separately. 
 DONE this 30th day of October, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE